ment dismissing the complaint against it. Present—Smith, J.P., Fahey, Peradotto, Sconiers and Martoche, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT TORRES, Appellant. (Appeal No. 2.) [947 NYS2d 352]—

Same memorandum as in *People v Torres* (97 AD3d 1125 [2012]). Present—Scudder, P.J., Centra, Fahey, Peradotto and Lindley, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT TORRES, Appellant. (Appeal No. 1.) [948 NYS2d 488]—

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, burglary in the second degree (Penal Law § 140.25 [2]), sexual abuse in the first degree (§ 130.65 [1]), and two counts of sodomy in the first degree (former § 130.50 [1]). In appeal No. 2, defendant appeals from a resentence with respect to the conviction of burglary in the second degree.

With respect to appeal No. 1, we agree with defendant that reversal is required based on County Court's error in closing the courtroom. We note at the outset that, although we agree with the People that a defendant is required to preserve that contention for our review (*see People v Borukhova*, 89 AD3d 194, 225 [2011], *lv denied* 18 NY3d 881 [2012], *reconsideration denied* 18 NY3d 955 [2012]; *People v Varela*, 22 AD3d 264, 264-265 [2005], *lv denied* 6 NY3d 781 [2006]), we disagree with the People that defendant failed to make the appropriate objection.